EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARXUACH, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción a la Ley de Sanidad.

No. 1581.—Resuelto en junio 13, 1921.

DELITO CONTRA LA SALUD PÚBLICA—RESPONSABILIDAD DEL DUEÑO POR DEFICIENCIA EN EL POZO MOURA—NOTIFICACIÓN AL DUEÑO DEL SUMIDERO DEFECTUOSO ES INNECESARIA.—Para que pueda formularse denuncia contra el dueño de una casa o edificio por mantener completamente lleno y derramando al exterior el pozo moura perteneciente al inmueble de su propiedad, no es requisito indispensable, de acuerdo con la sección 16 del Reglamento de Sanidad No. 14, que se dé previo aviso al dueño.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. M. Ginorio.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El apelante Jorge Marxuach fué denunciado ante la Corte Municipal de San Juan en 19 de septiembre de 1919 porque siendo dueño o administrador de una casa, sita en la calle de Ribot del distrito judicial municipal de dicha corte, ilegal, maliciosa y a sabiendas la mantiene con el pozo moura completamente lleno y derramando al exterior. La Corte de Distrito de San Juan, Sección Segunda, que conoció del caso mediante juicio *de novo* declaró al acusado culpable del delito imputádole y lo condenó a satisfacer una multa de tres dólares o un día de cárcel por cada dólar y pago de costas, cuya sentencia dictada en 22 de enero de 1920 ha sido apelada para ante esta Corte Suprema.

Ha venido en el record exposición del caso y en ella aparece como única prueba de cargo, la de los testigos Fran-

cisco Padín, inspector de sanidad denunciante, y Juan Pu-
jols, de los cuales el primero declara: que la casa del de-
nunciado Jorge Marxuach tenía un pozo moura que estaba
lleno derramando el contenido, de lo cual llamó la atención
a los inquilinos, pero no a Marxuach, ignorando si por con-
ducto de la oficina se le hizo alguna notificación. Y el se-
gundo, o sea Pujols, que acompañó en la visita de inspección
al Inspector Padín y en la casa de Marxuach había un pozo
moura que estaba lleno derramando al exterior, pero Mar-
xuach no vivía ni estaba allí, ni le hizo notificación alguna,
por más que cree que fué notificado por conducto de los
inquilinos de la casa.

El acusado no propuso prueba alguna y su abogado soli-
citó la absolución del mismo, invocando el artículo 31 de la
Ley de Sanidad No. 81 para reorganizar el Servicio de Sa-
nidad, aprobada en 14 de marzo de 1912, y las secciones 1
y 21 del Reglamento de Sanidad No. 14.

El hecho denunciado está comprendido en la sección 16
del Reglamento de Sanidad No. 14, que dice así:

"El dueño o representante de cualquier casa o edificio estará
obligado a hacer que se limpien los pozos negros y sumideros antes
de que se llenen y puedan derramarse al exterior. Estará obligado
a hacer verter en dichos pozos negros o sumideros cal viva, cloruro
de calcio, creolina o cualquier otro desinfectante cuando así lo ordene
el Servicio de Sanidad por motivos especiales. Y tendrá el deber
de hacer corregir las deficiencias de construcción de inodoros, letri-
nas, caños o sumideros que den origen a emanaciones molestosas."

El artículo 31 de la Ley de Sanidad No. 81 invocada por
el apelante, dice así:

"En caso de que el dueño, agente o inquilino de una propiedad
donde exista un daño o estorbo público, dejare de hacerlo desaparecer
o abatir dentro de un plazo razonable después que se haya hecho
debidamente la notificación para la ejecución de la obra, se faculta
por la presente a las autoridades sanitarias para remover o abatir
el daño o estorbo a expensas de dicho dueño, agente, o inquilino, y
la parte interesada será informada debidamente de los gastos en

que se hubiere incurrido con tal motivo, y reintegrará el importe de los mismos a las autoridades de sanidad. * * * Esta acción, sin embargo, no relevará de responsabilidad a cualquier dueño, agente o inquilino por infracción de las disposiciones de los reglamentos sanitarios.''

Y las secciones 1 y 21 del Reglamento de Sanidad No. 14, que también se citan como aplicables, rezan textualmente como sigue:

''Artículo 1.—Las casas, edificios y sus dependencias quedan sujetos a la inspección sanitaria del Servicio de Sanidad, de acuerdo con el artículo 30 de la 'Ley de Sanidad,' vigente, y sus dueños, arrendatarios e inquilinos tienen el deber de hacer las obras, reparaciones o mejoras sanitarias que se dispusieren en cada caso; asímismo de limitar el número de sus moradores, en relación con el espacio de aire de la habitación.''

''Artículo 21.—Cuando de la inspección sanitaria a que se refiere el artículo 1, por cualquier concepto, resultare insalubre toda la casa, edificio o parte de él, el Director de Sanidad lo deberá notificar por escrito al dueño o su representante marcándoles el plazo necesario para la ejecución de las obras, reparaciones y mejoras que disponga, y tal plazo deberá guardar relación con la importancia de las dichas obras. Si transcurrido dicho plazo no se hubieran realizado, el Director de Sanidad podrá declarar inhabitable dicha casa, edificio o parte de él, ordenando que sea clausurado dentro de un plazo no menor de 30 días, y permanecerá clausurado hasta que se ejecuten las obras referidas.''

Como se ve, la sección 21 del Reglamento de Sanidad No. 14 se refiere única y exclusivamente a la notificación por el Director de Sanidad al dueño de una casa, edificio o parte de él, que de la inspección sanitaria resultaren insalubres, para que se practiquen las obras de reparaciones y mejoras necesarias dentro de un plazo determinado, y el artículo 31 de la Ley de Sanidad prescribe igualmente la notificación al dueño, agente o inquilino de una propiedad donde exista un daño o estorbo público para hacerlo desaparecer dentro de un plazo razonable, facultando a las autoridades sanitarias para removerlo a expensas del dueño, agente o inqui-

lino.    Pero esa acción como dice textualmente el mismo artículo 31, no releva de responsabilidad a cualquier dueño, agente o inquilino por infracción de las disposiciones sanitarias.

Esa responsabilidad, o sea, la establecida por la sección 16 del Reglamento de Sanidad No. 14 que dejamos transcrita, es la que se exige al apelante Jorge Marxuach quien como dueño de la casa de que se trata ha incurrido abiertamente en ella dejando de cumplir la obligación que le impone de limpiar el pozo negro de la casa de que es dueño antes de que se llenara y pudiera derramar al exterior.    El apelante estaba en el deber de cumplir esa obligación en bien de la salud pública sin necesidad de que se le diera aviso alguno por parte de la Sanidad.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.